UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

IN RE:                                                                          CHAPTER 11

    CITIZENS CONSERVATION                    BANKRUPTCY NO. 19-50058
    CORPS INC.

    Debtor

**AGREED ORDER OF ADEQUATE PROTECTION**

Come the Creditor, Ally Bank, (hereinafter "Creditor" or "Ally") and the Debtor in Possession, Citizens Conservation Corps Inc., (hereinafter "DIP"), by their respective counsel, and agree as follows:

1. The DIP wishes to provide adequate protection to Creditor with regard to its collateral, more fully described in paragraph 4 below.

2. The DIP will continue remitting adequate protection payments to the Creditor according to the payment terms set forth in paragraph 4 below. Said payments shall continue until the balance of the claim for which the collateral serves as security is paid in full. Said payments shall continue on the account's monthly due date and shall continue on a calendar monthly basis thereafter.

3. Such adequate protection payments shall be made solely to the following address: **Ally Financial, Payment Processing Center, PO Box 9001951, Louisville, KY 40290-1951**

4. The DIP and Creditor agree on the following facts, terms and conditions and adequate protection payments shall be made in accordance with the following schedule:

    a. **2016 GMC YUKON XL VIN: 1GKS2HKJ6GR171224 (HEREINAFTER "Collateral")** – DIP and Creditor agree that the current retail value of the Collateral is $47,200.00.

    b. The DIP and Creditor agree that the current balance due by DIP to Creditor is $48,015.86.

    c. The DIP and Creditor agree the DIP shall make a payment to Creditor of $500.00 for the months of July, August and September of 2019 on the 30th day of each month. Interest shall continue to run on the balance due at the contractual rate of 3.99% per annum.

    d. The DIP and Creditor agree the DIP shall commence making regular, monthly contractual payments of $1,314.61 beginning with the October 30, 2019 payment and continuing making that payment until the amounts due under the contract between the parties is paid in full. Interest shall continue to run on the balance at the contractual rate of 3.99% per annum.

5. The DIP shall continuously maintain appropriate casualty insurance coverage over the Collateral, designating the Creditor as loss payee, and provide the Creditor with written proof of such coverage upon request. The DIP will further maintain the Collateral in good repair and working order and will not allow any mechanic's lien, storage lien or any other common law, judicial or statutory lien on the Collateral to attach.

6. So long as the DIP shall continuously maintain appropriate casualty coverage over the Creditor's Collateral, and so long as the DIP shall commence and maintain the monthly adequate protection payments as scheduled above, and shall keep the Collateral in good repair and free of future liens, the DIP shall be permitted to retain possession and use of the Collateral.

7. Should the DIP fail to make any one monthly payment as detailed above when due, measured from the due date as set forth in Paragraph 4, with the monies posting to the account on or before the 11th day after said due date, or if the DIP shall fail to provide continuous casualty insurance coverage as detailed above on the Collateral, or if any mechanic's lien, storage lien or any other common law, possessory, judicial or statutory lien be impressed upon the Collateral and become attached thereto, then Creditor or its counsel may file a Certificate of Noncompliance giving the DIP 10 days to cure the default. If the default is not cured within that 10 day period, then the Creditor may file a Notice of Default with the Court and tender an Order terminating the stay imposed by 11 U.S.C. §362. Should the Court enter that Order, Creditor shall be entitled to enforce its security interest in the Collateral, at its sole election. Any election not to repossess immediately will not act as a waiver of the Creditor's right to subsequently repossess said Collateral..

8. Should the automatic stay be terminated by the provisions of the foregoing paragraphs, the DIP and/or its agents and employees will then forthwith surrender and deliver possession of the Collateral. Said surrender and delivery shall be made to Creditor and\or its authorized representative or vendor, and neither the DIP nor its agents or employees will alter, strip, use, remove, transfer, dispose of or replace said

Collateral or any constituent parts or accessories thereof, and are hereby enjoined therefrom in the event of the termination of the stay.

9. If the Creditor's enforcement of its security interest should result in a deficiency balance on the account for which the Collateral serves as security, said Creditor shall be entitled to file an Amended Unsecured Proof of Claim for any such deficiency.

10. All provisions of the instruments underlying the DIP debt to the Creditor are hereby reiterated and incorporated by reference, and are reinstituted except where inconsistent herewith.

11. Creditor shall retain its lien on the Collateral.

12. This Order will terminate should the bankruptcy be dismissed or converts to a Chapter 7. Upon such dismissal or conversion, the terms of the original contract remain in force.

13. If any grace period referenced in this Agreed Order falls on a Saturday, Sunday or legal holiday (as that term is defined at Bankruptcy Rule 9006(a)), then the DIP shall have until the next business day following that day to take the action proscribed by this Agreed Order.

THE REST OF THIS PAGE IS LEFT BLANK INTENTIONALLY

HAVE SEEN AND AGREE:

/s/ Thomas L. Canary, Jr.
Thomas L. Canary, Jr. (8677)
Counsel for Ford Motor Credit Company LLC
9300 Shelbyville Road, Suite 1000
Louisville, KY 40222
Reimer.ecf@reimerlaw.com

/s/ Joseph W. Caldwell
Joseph W Caldwell
Counsel for the Debtor in Possession
Caldwell & Riffee
P. O. Box 4427
Charleston, WV 25364-4427
(304) 925-2100
joecaldwell@frontier.com